UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § § § |
| V. | § § NO. EP-23-M-3039 MAT |
| SAUL LUNA VILLA | § § § § |

### DEFENDANT'S MOTION FOR BOND HEARING

SAUL LUNA VILLA (Mr. Luna) respectfully requests a bond in his extradition matter because he is not a flight risk or a danger, and "special circumstances" exist in his case. As such, Mr. Luna requests that a bond hearing be held at the Court's earliest convenience.

Mr. Luna is facing extradition under 18 U.S. Code § 3184 for alleged charges in Ciudad Juarez, Chihuahua, Mexico. However, his arrest is "provisional," as a formal extradition request has not been made and probable cause has yet to be determined in his case.

Mr. Luna is a United States Citizen with strong connections in El Paso, Texas. He has very limited criminal history, which is not violent. Furthermore, he is an active-duty soldier in the United States Military.[1] These circumstances suggest that a bond is appropriate in his case.

---

[1] Mr. Luna currently has military charges pending which are directly related to this case. However, as of this date, he is still a member of the military.

I. **Factual Background**

Mr. Luna is a 23-year-old United States Citizen who was born in Texas. *See* Pretrial Services Report. He is a soldier who has been stationed at Fort Bliss in El Paso, Texas for the past 2.5 years. *Id.* He has had a stable life in the United States since he was 15 years old with insignificant mental health history and no substance abuse issues. *Id.* His only criminal history is a non-violent misdemeanor from when he was a teenager. *Id.*

On September 25, 2023, Mr. Luna was initialed on extradition charges from Mexico for Aggravated Femicide under the Extradition Treaty Between the United States of America and The United Mexican States, U.S.-Mex., May 4, 1978, 31 U.S.T. 5059 (the Treaty). At the hearing, Mr. Luna was informed that probable cause on these charges would be determined later if the government of Mexico files the requisite documentation for extradition under the Treaty.[2] As of this date, the Mexican Government has yet to file said documentation.[3]

II. **Legal Argument**

The Supreme Court first recognized over a century ago that a right to bail can exist in some international extradition cases. *In re Extradition of Garcia*, 761 F. Supp. 3d 468, 470 (S.D. Tex. 2010) (citing *Wright v. Henkel,* 190 U.S. 40, 63 (1903)). "The Court stated that while bail should not ordinarily be granted in cases of foreign

---

[2] In the Treaty, Article 9 Extradition of Nationals, a formal request for extradition must be accompanied by various enumerated items.
[3] A formal request for extradition must be filed within 60 days of arrest in *Article 11* of the Treaty.

extradition, it was unwilling to hold that the courts may not in any case, and whatever the special circumstances, extend the relief." *Id.* (cleaned up). Therefore, courts may "set bail…where appropriate" in extradition cases. *See United States v. Ramnath,* 533 F. Supp. 2d 662, 665 (E.D. Tex. 2008). Bail is appropriate where the respondent can show 1) that he is not a flight risk or danger to the community and 2) that special circumstances warrant release. *Id.* at 666.[4]

To determine the first factor—whether a respondent is a flight risk or danger- -courts have looked to either the Bail Reform Act, *See e.g. Garcia*, 761 F. Supp. 2d at 477-480 or, similarly, an individual's ties to the community and criminal history. *See e.g. In Re Extradition of Chapman*, 459 F. Supp. 2d 1024, 1027 (D. Hawai'i 2006).

The term "Special Circumstances" "has not been precisely defined and courts have addressed [the issue] on a case-by-case basis." *In Re Extradition of Santos*, 473 F. Supp. 2d 1030, 1036 (C.D. Cal. 2006). It is "left to the sound discretion of the trial judge." *Id.* The Court in *Ramnath*, has likened "special circumstances" to the term "compelling reason" for release under the Bail Reform Act of 1984. 553 F. Supp. 2d at 667. Citing the following possible examples: "a novel legal questions, a question of first impression, an unusual legal or factual question, or a 'substantial question… in the presence of one or more remarkable and uncommon factors.' *Id.* (citing *United States v. Disomna*, 951 F.2d, 494, 497 (2d. Cir. 1991)).

---

[4] The 5th Circuit has not articulated a standard by which a respondent must show that bail is appropriate. *See In Re Extradition of Russell*, 805 F.2d 1215 (5th Cir. 1986).

3

*In the Matter of the Extradition of Ricardo Gonzalez*, 52 F. Supp.2d 725, 735-36 (W.D. La. 1999) the court lists various times "special circumstances" have been found:

- "a high probability of success on the merits." *See In Re Extradition of Nacif-Borge,* 829 F. Supp. 1210, 1216 (D. Nev. 1993);

- "no suitable facility in which to detain a juvenile extradite." *See Hu Yau-Leung v. Soscia*, 649 F.2d 914 (2d. Cir. 1981);

- "where there has been or will be significant delay in the appeals process." *See In Matter of Extradition of Kirby*, 106 F.3d 855, 863 (9th Cir. 1996);

- "Where the detainee may suffer a serious health threat while detained." *See United States v. Taits*, 130 F.R.D. 442 (S.D. Cal. 1990); and

- "where…the requesting country would grant bail in a comparable extradition case." *See Nacif-Borge*, 829 F. Supp. 1210.

Indeed, the *Gonzalez* court granted bond because probable cause for extradition appeared unlikely based on the evidence. 52 F. Supp. 2d at 741; *see also United States v. Valentino*, No. 4:18-mj-146, 2018 WL 2187645 (S.D. Tex. May 11, 2018) (granting bond where defendant had reasonable likelihood of success at extradition hearing); *In re Extradition of Huerta*, No. 4:08-mj-342, 2008 WL 2557514 (S.D. Tex. June 23, 2008) (same). However, "the list of potential 'special circumstances' is not limited to those previously recognized in published decisions." *Gonzalez*, 52 F. Supp. 2d at 736; *See also United States v. Castaneda-Castillo*, 739 F. Supp. 2d 49, 57-58 (D. Mass. 2010) (recognizing lack of diplomatic necessity for detention as special circumstance);

4

*Wroclawski v. United States*, 634 F. Supp. 2d 1003, 1007-08 (D. Ariz. 2009) (recognizing petitioner's work with military and law enforcement personnel as special circumstance); *Kirby*, 106 F.3d at 863 (recognizing disparate treatment of other potential extraditees as possible special circumstance); *In re Extradition of Bowey*, 147 F. Supp. 2d 1365, 1368 (N.D. Ga. 2001) (recognizing pending divorce proceedings as special circumstance).

Additionally, several courts have recognized that a more liberal approach towards bail may be appropriate where, as here, a person is detained on a provisional arrest, before the filing of a formal extradition request. *See, e.g.*, *In re Extradition of Molnar*, 182 F. Supp. 2d 684, 687-88 (N.D. Ill. 2002). While this may not constitute a special circumstance per se, it could still weigh in favor of release on bond. *See id*.

### a. Mr. Luna is not a flight risk

Mr. Luna is a United States citizen with strong connections in the United States, particularly in the El Paso area. *See* Pretrial Services Report. He was born in Texas and he has been a soldier stationed in El Paso for the past 2.5 years. *Id.* He has lived in the United States since he was 15. *Id.*

### b. Mr. Luna is not a danger

Mr. Luna is not a danger under either standard Courts have used. He has only a misdemeanor Paraphernalia charge from when he was a teenager. *Id.* He was sentenced to a fine and no jail time. *Id.* The charge was seemingly so insignificant that he was accepted into the United States Military after it was resolved. *Id.* And

there are no allegations of criminal conduct since those underlying this extradition request.

### C. Special circumstances exist in this case

Mr. Luna is not a typical respondent in an extradition case. He is an active-duty soldier who has voluntarily put his life on the line for the United States of America. *Id.* Individuals who sign up to be soldiers sacrifice many personal rights to protect our country. As such, veterans of the United States Military are regularly given benefits that other United States Citizens are not. *See e.g.* US Army *Texas Military and Veterans Benefits* (August 10, 2023) https://myarmybenefits.us.army.mil/Benefit-Library/State/Territory-Benefits/Texas. Our special treatment of veterans for the sacrifices they make, must carry over to even these circumstances. Indeed, other courts have recognized special circumstances supporting bond even for those who are not enlisted but provide support training to military personnel. *See Wroclawski*, 634 F. Supp. 2d at 1007-08.

Being a veteran is an unusual and compelling factor, similar to those that have been found to constitute a special circumstance in other extradition cases. This is particularly true under the more liberal standard that some courts have adopted for provisional arrest cases. *See Molnar*, 182 F. Supp. 2d at 687-89.

### III. Conclusion

Mr. Luna has not had any finding of probable cause against him in this extradition case. The Mexican Government has yet to file the requisite documentation for an extradition to occur.

Mr. Luna is uniquely situated to be granted bond in his case. He is neither a flight risk or a danger and has the special circumstance that he has sacrificed many rights to protect this Country in the Military. As such, we respectfully request a bond hearing in this case, at the Court's earliest convenience.

        Respectfully Submitted,

        Maureen Scott Franco
        Federal Public Defender

        /S/
        ELYSE BATALLER-SCHNEIDER
        Assistant Federal Public Defender
        Western District of Texas
        Richard C. White Federal Building
        700 E. San Antonio, D-401
        El Paso, Texas  79901
        (915) 534-6525
        *Attorney for Mr. Luna Villa*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of October, 2023, I electronically filed the foregoing with the Clerk of Courts using the CM/ECF system which will send notification of such filing to the following: AUSA, Ian Hanna, Office of the U.S. Attorney, Richard C. White Building, 700 E. San Antonio, Suite 200, El Paso, TX 79901.

        /S/
        ELYSE BATALLER-SCHNEIDER
        *Attorney for Mr. Luna Villa*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| V. | § § | NO. EP-23-M-3039 MAT |
| SAUL LUNA VILLA | § § § | |

### O R D E R

On this date came to be considered the Defendant's Motion for Bond Hearing, and the Court having considered the premises, is of the opinion that the same should be and is hereby GRANTED.

It is therefore ORDERED that a bond hearing is set for the _____ day of _____, 2023.

SO ORDERED on this the _____ day of _____, 2023.

_____
MIGUEL A. TORRES
United States Magistrate Judge